IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RENATO CAPPUCCITTI and DAVID )
WARD, on behalf of themselves and )
all others similarly situated, )
) Civil No. 1:09-cv-00627-CAP
Plaintiffs, )
)
v. )
)
DIRECTV, INC., a California Corporation, )
)
Defendant. )

## FIRST AMENDED CLASS ACTION COMPLAINT

1. Plaintiffs Renato Cappuccitti and David Ward, by counsel, upon knowledge and with respect to themselves and their own acts and upon information and belief based, in part, on the investigation of counsel and publicly available reports and statements, as to all other matters allege as follows:

### NATURE OF THE CASE

2. DIRECTV engages in the unlawful practice of using early cancellation penalties to extract improper penalties from its customers and/or wrongfully deter them from seeking alternative satellite service providers. The

penalty (which ranges from $175 to $480) constitutes an unlawful penalty, and the manner in which it is typically collected—by an automatic debit of a customer's bank account or credit card account, without express notice or permission from Plaintiffs. This consumer class action brought pursuant to Georgia law and on behalf of all current and former DIRECTV Customers in the State of Georgia who were assessed an early cancellation penalty by DIRECTV and all current DIRECTV customers in the State of Georgia whose service DIRECTV asserts is subject to its policy regarding early cancellation penalties seeks to end DIRECTV's unlawful practices and compensate class members who have been or may be charged or assessed an early cancellation penalty by DIRECTV.

3. Upon a customer's cancellation of his or her service with DIRECTV, DIRECTV imposes a penalty that exceeds any legitimate measure of "liquidated damages" to which it would even arguably be entitled. DIRECTV charges this penalty to deter customers from canceling their service, not to compensate DIRECTV for its reasonable damages, if any. Plaintiffs, on behalf of themselves and the Class, seek a refund or credit for all early cancellation penalties charged or collected by DIRECTV; compensatory damages, rescission, and declaratory and injunctive relief declaring DIRECTV's early cancellation penalties to be an

illegal penalty under Georgia law; and an order prohibiting DIRECTV from continuing to charge and collect such penalties from its customers.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). The case is filed as a class action, the matter in controversy exceeds the value of $5,000,000, exclusive of interest and costs, and more than two-thirds of the members of the proposed class are citizens of a state different than Defendant.

5. Venue is proper in this Court and in this Division pursuant to 28 U.S.C. § 1391(c) and Local Rule 3.1(B)(1)(a) because Defendant is subject to personal jurisdiction in the State of Georgia and regularly transacts business throughout the state including within the Atlanta Division.

## PARTIES

6. Plaintiff Renato Cappuccitti is a resident of Alpharetta, Georgia. Mr. Cappuccitti was a DIRECTV customer from approximately June 2004 through May 2008.

7. Plaintiff David Ward is a resident of Warner Robins, Georgia. Mr. Ward was a DIRECTV customer from approximately August 30, 2008 through May 13, 2009.

8. At all relevant times herein, Defendant DIRECTV, Inc., was and is a California corporation with its principal place of business in El Segundo, California. DIRECTV is the largest direct-to-home satellite television provider in the United States, with over 16.8 million subscribers located throughout the United States. DIRECTV is also the second largest multi-channel video programming provider in the United States.

9. At all relevant times herein and including up to the current date, Defendant DIRECTV did and does business in Alpharetta and Warner Robins, Georgia.

**FACTUAL BACKGROUND**

10. Plaintiff Cappuccitti signed up for DIRECTV service on or about June 2004.

11. No one from DIRECTV told Mr. Cappuccitti that he could be subject to an early cancellation fee.

12. In March 2008, Mr. Cappuccitti cancelled his DIRECTV service. Despite having no contractual right to do so, DIRECTV on or about April 4, 2008, charged a $420 early cancellation penalty to Mr. Cappuccitti's credit card without providing notice or seeking his permission in advance. Mr. Cappuccitti disputed this penalty through his credit card company, and the charge was reversed but

4

Defendant is now attempting to compel Plaintiff to pay this penalty through third party debt collectors.

13. DIRECTV requires customers to provide bank account or credit card billing information when they order service. On information and belief, it is DIRECTV's policy to automatically charge early cancellation penalties to customers' bank account or credit card without first requesting permission to impose such charges, as it did to Mr. Cappuccitti.

14. Plaintiff Ward's DIRECTV service was activated on August 30, 2008.

15. No one from DIRECTV told Mr. Ward he might be subject to an early cancellation fee.

16. On April 24, 2009, DIRECTV changed the terms of its service and sent their customers notice of the change by stuffing the new agreement with the May billing statements.

17. Mr. Ward received his May billing statement and the revised customer agreement on or about May 5, 2009.

18. On or about May 5, 2009 Mr. Ward contacted DIRECTV to indicate he would not accept the new terms contained in the updated agreement dated April 24, 2009, until replaced.

19. DIRECTV discontinued Mr. Ward's service on May 13, 2009 and charged him a $300 early cancellation penalty.

20. Because Mr. Ward had paid ahead on his account and had a credit before he received the new agreement, that credit, along with credit for a partial month's service, went toward the early cancellation penalty, leaving a balance of $45.

21. DIRECTV is currently attempting to collect the unpaid balance on Mr. Ward's account.

## CLASS ACTION ALLEGATIONS

22. Plaintiffs bring this action on behalf of themselves and on behalf of all persons similarly situated pursuant to Federal Rule of Civil Procedure Rule 23.

23. <u>Definition of the Class</u> – Plaintiffs seek to represent a class of consumers defined as:

> All current and former DIRECTV Customers in the State of Georgia who were assessed an early cancellation penalty by DIRECTV; and all current DIRECTV Customers in the State of Georgia whose service DIRECTV asserts is subject to its policy regarding early cancellation penalties.

Plaintiffs reserve the right to modify the class definition or propose one or more subclasses if discovery reveals such modifications are appropriate.

24. <u>Prerequisites to a Class Action</u> – Fed. R. Civ. P. 23(a). The prerequisites to maintaining this action as a class action are satisfied in this case as alleged in Paragraphs 28 through 33, below.

25. <u>Numerosity</u> – On information and belief, there are more than 16.8 million current DIRECTV subscribers. A substantial number of those subscribers live in Georgia. A substantial number of DIRECTV customers in Georgia have been assessed and/or charged unlawful early cancellation penalties by Defendant in violation of Georgia law. Although the exact number of such persons is unknown to Plaintiffs at this time, Defendant's records should contain information on the identities and location of all such parties as well as the amounts of the illegal early cancellation penalties assessed and/or charged to all such persons. Because Defendant has exclusive control of such information, Plaintiffs reserve the right to amend their allegations following completion of discovery. Given the scope of the Defendant's business in Georgia, it is clear that the members of the Class are so numerous that joinder is impracticable and the disposition of their claims in a class action will provide substantial benefits to both the parties and the court.

26. <u>Commonality</u> – Since Plaintiffs and other members of the Class were parties to standardized adhesion contracts, (and/or affected by other common

and standardized instruments of Defendant), containing similar or identical provisions, which Defendant has invoked to charge unlawful early cancellation penalties in violation of Georgia law, there are questions of law and fact common to the Class. Such common questions of law and fact predominate over any individual questions affecting class members, including, but not limited to the following:

    A.    Whether the early cancellation penalty charged by Defendant is an unlawful penalty in violation of Georgia law, including

    (1)    Whether it was charged for the purpose of deterring Plaintiffs and the Class from terminating their service and to penalize them in the event they should do so;

    (2)    Whether the injury, if any, caused to DIRECTV from such "early" cancellations was or is difficult or impossible to estimate accurately at the beginning of DIRECTV's relationship with its customers; and

    (3)    Whether the early cancellation penalty is a reasonable pre-estimate of the probable loss to DIRECTV, if any, resulting from service cancellations by its Georgia customers.

B. Whether DIRECTV engages in a practice of automatically debiting its customers' credit card accounts, without notice or permission, for a cancellation penalty regardless of whether the customer cancels his or her DIRECTV service after the term of their initial contract.

C. Whether the members of the Class have sustained damages and, if so, what is the proper measure thereof;

D. Whether DIRECTV has been unjustly enriched;

E. Whether DIRECTV's early cancellation penalties are unenforceable under Georgia law;

F. Whether DIRECTV's collection of early cancellation penalties is a conversion of money rightfully belonging to Plaintiff and Class members;

G. Whether DIRECTV breached its duties of good faith and fair dealing with Plaintiff and Class members by charging them an illegal cancellation penalty; and

H. Whether DIRECTV should be enjoined from imposing early cancellation penalties and the proper scope of any such injunction.

27. <u>Typicality</u> – Plaintiffs have the same interests in this matter as all the other members of the Class, and their claims are typical of all members of the

Class. Plaintiffs' claims are typical of the claims of all class members because: (a) the claims originate from the same illegal practices on the part of DIRECTV and its acts in furtherance thereof; and (b) Plaintiffs and all Class members have sustained damages arising out of Defendant's wrongful conduct and/or have been threatened with damages if they terminate DIRECTV's services.

28. <u>Adequacy of Representation</u> – Plaintiffs' claims are aligned with the interests of the absent members of the Class such that the class claims will be prosecuted with diligence and care by Plaintiffs as representatives of the Class. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in the prosecution and successful resolution of class litigation. Plaintiffs will fairly and adequately represent the interests of the Class and do not have interests adverse to the Class. Plaintiffs have no relationship with Defendant except as former customers. Plaintiffs' interests are antagonistic to the interests of the Defendant and Plaintiffs will vigorously pursue the claims of the Class.

29. <u>Class Actions Maintainable</u> – Fed. R. Civ. P. 23(b)(2). Class action status is appropriate in this case because DIRECTV has acted and/or refused to act on grounds generally applicable to the class, thereby making appropriate

final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

30.  <u>Class Actions Maintainable</u> – Fed. R. Civ. P. 23(b)(3). Class action status is also appropriate because the common questions of law and fact identified above predominate over questions affecting only individual members. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. Because of the relatively small monetary value of each class member's individual claim, few, if any, class members have an interest in individually controlling the prosecution of separate actions. To the knowledge of Plaintiffs and their counsel, no class member has heretofore commenced litigation against DIRECTV based on its unenforceable contracts and application of early cancellation penalties. It is desirable to concentrate the litigation of the claims in this District. Plaintiffs and their counsel do not anticipate encountering any unique difficulties in the management of this action as a class action.

## CAUSES OF ACTION

### COUNT I
### MONEY HAD AND RECEIVED

31. Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

32. DIRECTV has taken, reserved, received and collected early cancellation penalties from Plaintiffs and the Class based on a false and illegal claim of right.

33. Plaintiffs and the members of the Class have been deprived of the money and the use of such money that DIRECTV has taken, charged, used and received under its false and illegal claim of right, and have suffered damages as a result.

34. Such wrongful actions and conduct are ongoing and continuing. Unless Defendant is enjoined from continuing to engage in such wrongful actions and conduct, members of the consuming public will continue to be damaged by Defendant's conduct.

### COUNT II
### UNJUST ENRICHMENT

35. Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

12

36. DIRECTV's early cancellation penalty is a penalty clause that is unenforceable under Georgia common law governing liquidated damages. DIRECTV also imposes an early cancellation penalty even though it has no contractual right to do so.

37. DIRECTV's early cancellation penalties result in a windfall to DIRECTV all or substantially all of the time that it is applied.

38. DIRECTV knows and intends that it will reap a windfall through imposition of its early cancellation penalty.

39. DIRECTV has been unjustly enriched at the expense of the Class by its collection of the unenforceable early cancellation penalty.

40. It would be unjust to permit DIRECTV to retain the proceeds of its unenforceable early cancellation penalty.

41. DIRECTV is liable to disgorge to Plaintiffs and the Class the amount by which it has been unjustly enriched through application of its unenforceable early cancellation penalty.

42. Such wrongful actions and conduct are ongoing and continuing. Unless Defendant is enjoined from continuing to engage in such wrongful actions and conduct, members of the consuming public will continue to be damaged by Defendant's conduct.

## COUNT III
## DECLARATORY RELIEF

43. Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

44. DIRECTV's early cancellation penalty is a penalty clause that is unenforceable under Georgia law.

45. DIRECTV's early cancellation penalty is an illegal penalty provision under Georgia law and is imposed without any support in the law. The penalty is not reasonably related to a fair estimate of the costs to DIRECTV, if any, deriving from a customer's cancellation of service, and is intended not to recompense DIRECTV for costs associated with cancellation, but instead to deter and penalize customer service cancellations and to gain additional revenues.

46. DIRECTV is not entitled to collect early cancellation penalties from Plaintiffs and the Class.

47. DIRECTV has assessed early cancellation penalties against Plaintiffs and the Class members. On information and belief, DIRECTV retains these assessments in its books and records and has attempted to collect, or reserves to itself the right to collect, or attempt to collect, such early cancellation penalties. On information and belief, DIRECTV also reports unpaid early cancellation

penalties it has assessed to credit reporting and other entities interested in the creditworthiness of Plaintiffs and the Class.

48. DIRECTV will continue to attempt to collect such early cancellation penalties in the absence of adjudication that it is not entitled to collect such penalties.

49. Plaintiffs and Class members are entitled to a declaration of their rights, declaring that they are not obligated to pay DIRECTV the early cancellation penalties it has assessed against them, and to an injunction preventing DIRECTV from collecting or attempting to collect such penalties.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, themselves and on behalf of the proposed Class, pray for judgment as follows:

    A. Judgment in favor of Plaintiffs and the Class and against DIRECTV;

    B. Certification of the proposed class pursuant to FED. R. CIV. PRO. 23;

    C. Designation of Plaintiffs as representatives of the proposed Class and designation of Plaintiffs' counsel as Class Counsel;

    D. A declaration that DIRECTV's early cancellation penalties are unenforceable penalties that cannot be collected;

    E. An injunction prohibiting DIRECTV from collecting early cancellation penalties pursuant to the unenforceable early cancellation provision in its agreement with consumers;

F. An injunction requiring DIRECTV to credit the accounts and correct the credit records of early terminating customers to whom it assessed early cancellation penalties but who did not pay such charges;

G. Disgorgement of early cancellation charges unlawfully assessed and collected;

H. Compensatory damages as a result of the wrongs alleged;

I. Trial by jury; and

J. Such further relief as the Court deems just and proper.

Respectfully submitted this 29th day of June 2009.

VAUGHAN & EVANS, LLC

s/ C. A. González
C. A. González (Ga. Bar No. 300330)
Tracy Rhodes (Ga. Bar No. 153079)
P.O. Box 534
117 North Erwin Street
Cartersville, GA 30120
Tel/ 770-382-4374
Fax/ 415-421-7105
Email: cag@gonzalez-law.com

SPRENGER & LANG, PLLC
Deanna D. Dailey, *Admitted Pro Hac Vice*
(MN Bar No. 293714)
310 4th Avenue South, Suite 600
Minneapolis, MN 55415
Tel/ 612-871-8910
Fax/ 612-871-9270
Email: ddailey@sprengerlang.com

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY, LLP
Joshua G. Konecky, *Admitted Pro Hac Vice* (Ca. Bar No. 182897)
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel/ 415-421-7100
Fax/ 415-421-7105
Email: jkonecky@schneiderwallace.com

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY, LLP
Garrett W. Wotkyns, *Admitted Pro Hac Vice* (Az. Bar No. 25887)
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, AZ 85258
Te/ 480-607-4368
Fax/ 480-607-4366
Email: gwotkyns@schneiderwallace.com

# CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2009, I electronically filed the First Amended Complaint with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of the filing to the following attorneys of record:

| | |
|---|---|
| Matthew Dexter Richardson<br>Alston & Bird, LLP<br>Email: mrichardson@alston.com | Melissa D. Ingalls<br>Kirkland & Ellis, LLP<br>Email: melissa.ingalls@kirkland.com |
| Robyn E. Bladow<br>Kirkland & Ellis, LLP<br>Email: robyn.bladow@kirkland.com | Shaun Paisley<br>Kirkland & Ellis, LLP<br>Email: shaun.paisley@kirkland.com |

June 29, 2009

**s/C.A. González**
C.A. Gonzalez